**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Johnny Ray Gambrell, #145560, | ) | |
| | ) | Civil Case No. 2:16-cv-00640-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

*Pro se* Johnny Ray Gambrell ("Petitioner"), a state prisoner incarcerated at Broad River Correctional Institution in South Carolina, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on February 25, 2016. Petitioner's Petition states that the State trial court erroneously considered "someone else's records" when it reviewed his application for PCR relief. (ECF No. 1.) In 2006, Petitioner was convicted and sentenced to life imprisonment for murdering his wife. (ECF No. 8 at 2.) On direct appeal, Petitioner was represented by Counsel and his conviction was affirmed on January 22, 2008. *Id*. Petitioner's request for rehearing was denied on April 18, 2008; Remittur was issued on May 23, 2008. *Id.* On November 24, 2008, Petitioner filed a post-conviction relief ("PCR") application in State court; Petitioner's Counsel filed an amended application. The State court denied Petitioner's PCR relief application on November 10, 2010. Petitioner filed a Petition for Writ of Certiorari. On July 24, 2013, the South Carolina Court of Appeals denied certiorari.

On October 24, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court. In Petitioner's petition, he alleged several violations during his criminal trial, including failure to grant a directed verdict, failure to grant a mistrial, ineffective

1

assistance of counsel on various grounds, failure to strike two jurors for cause, and conflict of interest. On January 21, 2015, the court dismissed Petitioner's Petition for Writ of Habeas Corpus with prejudice. *Gambrell v. Warden*, Case No. 2:13-cv-2911-JMC-WWD, 2015 WL 268790 (D.S.C. Jan. 21, 2015) at ECF 46. On February 6, 2015, Petitioner filed a Motion for Reconsideration. *Id*. at ECF 49. Petitioner merely reiterates arguments already addressed, and attempts to bring forth new claims not addressed in his Petition for Writ of Habeas Corpus. *Id*. at ECF No. 59 at 3. Petitioner reiterates his claim of ineffective assistance of trial Counsel and a claim for ineffective assistance of post-conviction relief Counsel for the first time. Petitioner further asserts the State failed to sustain its burden of proof or prove there are no genuine issues of material fact in his Petition for Writ of Habeas Corpus. *Id*. The court finds that Petitioner argued no change in the controlling law, no new evidence or facts that were unavailable to him at trial, and no clear error of law or manifest injustice to support altering or amending the judgment of the court. *Id*. at ECF No. 59 at 4.

The Magistrate Judge's Report and Recommendation, filed on March 4, 2016, recommends that Petitioner's Petition (ECF No. 1) be summarily dismissed without prejudice, and without issuance and service of process. (ECF No. 8.) The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions

of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report and Recommendation (ECF No. 8 at 7.) However, Petitioner filed no objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. (ECF No. 8.) It is therefore **ORDERED** that Petitioner's Petition (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process. It is further **ORDERED** that a certificate of appealability is **DENIED**.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 13, 2017
Columbia, South Carolina